IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILDRED URANGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2213-BN |
| | § | |
| HOLIDAY MARKET, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER STAYING CLAIMS AGAINST DEFENDANT ABDUL WAFAYEE

Plaintiff Mildred Uranga brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), against Defendants Holiday Market, Inc. and Abdul Wafayee for overtime compensation and other relief. *See* Dkt. No. 1. On December 30, 2013, Defendant Abdul Wafayee filed a Suggestion of Bankruptcy, in which he advised the Court that he filed Chapter 7 Bankruptcy in the Northern District of Texas on December 12, 2013, Case No. 13-45622-dml7. *See* Dkt. No. 13. The Court issued two electronic orders seeking the parties' views on the effect of Mr. Wayafee's bankruptcy on Plaintiff's pending claims against Mr. Wayafee and his co-defendant Holiday Market, Inc., in light of the automatic stay provisions of 11 U.S.C. § 362. *See* Dkt. Nos. 14 & 15.

Defendant Holiday Market, Inc. filed a responsive brief explaining that its position is that the automatic stay only applies to the petitioner in bankruptcy and not to the co-defendants. *See* Dkt. No. 16. In short, Holiday Market, Inc., Mr. Wafayee's co-

defendant, does not seek to have the Section 362(a) automatic stay extended to Plaintiff's claims against it.

Plaintiff filed a response brief in which she explains that, "[i]n light of Defendant's Suggestion of Bankruptcy, Plaintiff intends on filing a Stipulation of Dismissal as to ABDUL WAFAYEE without prejudice," but, "[w]ith regard to HOLIDAY MARKET, INC., Plaintiff believes that the matter can proceed forward as the bankruptcy proceedings do not relate to the Defendant, HOLIDAY MARKET, INC." Dkt. No. 17.

The undersigned agrees. Section 362(a)(1) provides for an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). "Section 362(a)(3) provides that the filing of a petition 'operates as a[n] [automatic stay] applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate'" or "to obtain or exercise control over the property of the debtor." *Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting 11 U.S.C. § 362(a)(3)). In short, the automatic stay generally forestalls any action against debtors in bankruptcy but not against co-debtors, co-tortfeasors, or other non-debtors. *See Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003).

The United States Court of Appeals for the Fifth Circuit has held that "a section 362(a)(1) stay is available only for the debtor's benefit and does not prohibit actions against nonbankrupt third parties or codefendants." *Matter of S.I. Acquisition*, 817 F.2d at 1147. Thus, "it is well-established 'that the protections of § 362 neither apply to co-defendants nor preclude severance.'" *Hamel-Schwulst v. Country Place Mortg.*

*Ltd.*, 406 F. App'x 906, 911 (5th Cir. 2010) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983)). And "[t]he automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding," and courts retain jurisdiction "to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990); *see also Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002) (citing cases).

Defendant Holiday Market, Inc. does not assert that any exception to the general rule against extending a stay to a non-debtor applies to Plaintiffs' claims against it. Plaintiff alleges that Defendants are jointly and severally liable on her claims. *See* Dkt. No. 1. But the Fifth Circuit has held that "Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors," *Arnold*, 278 F.3d at 436, and that the automatic stay does not prevent suits against a debtor's joint tortfeasors, *see Wedgeworth*, 706 F.2d at 546; *accord GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors."); *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 261-62 (S.D.N.Y. 2012) (holding that the automatic stay does not extend to co-defendants in a Fair Labor Standards Act case where the defendants are alleged to be joint employers and therefore jointly and severally liable to the plaintiffs for Fair Labor Standards Act violations); *Uto v. Job Site Servs., Inc.*, 444 B.R. 222, 223-24 (E.D.N.Y. 2011) (finding

no justification for extending the automatic bankruptcy stay to the non-debtor corporate defendant in a Fair Labor Standards Act case in which the individual defendant had filed for Chapter 7 bankruptcy protection); *DeWitt v. Daley*, 336 B.R. 552, 557 (S.D. Fla. 2006) ("Again, because the [Fair Labor Standards Act] provides for joint and several liability between both a corporation and a corporate officer with operational control of a corporation's covered enterprise, it cannot be said that [the corporation] is the real party at interest in this case [against the individual a corporate officer] to come within the exception outlined in [*A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986)].").

Plaintiff states that she intends to file a Federal Rule of Civil Procedure 41(a)(1) stipulation of dismissal of her claims against Defendant Abdul Wafayee, but she has not done so yet. If and when she does, the Court can address at that time whether such a dismissal is appropriate and permissible in light of the 11 U.S.C. § 362(a) automatic stay. *See Arnold*, 288 F.3d at 236-39; *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807, 807 (S.D. Ala. 2000).

In the meantime, the Court ORDERS that, because Plaintiff Mildred Uranga's claims against Defendant Abdul Wafayee are subject to 11 U.S.C. § 362(a)'s automatic stay protections, Plaintiff Mildred Uranga's claims against Defendant Abdul Wafayee in this action are STAYED, subject to this stay's being lifted upon the motion of any party if the 11 U.S.C. § 362 automatic stay is lifted by the bankruptcy court, and that all pending deadlines applicable to Plaintiff Mildred Uranga's claims against Defendant Abdul Wafayee are terminated. The right to seek the lifting of the stay of

Plaintiff Mildred Uranga's claims against Defendant Abdul Wafayee shall continue until 30 days after Mr. Wafayee's bankruptcy proceedings are concluded.

Plaintiff Mildred Uranga's claims in this action against Defendant Holiday Market, Inc. will proceed subject to the Court's October 8, 2013 Initial Scheduling Order [Dkt. No. 11] and the deadlines set in that order, and 11 U.S.C. § 362's automatic stay does not apply to those claims against Defendant Holiday Market, Inc.

SO ORDERED.

DATED: January 31, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE